MINNIE L. SPRAGUE, RESPONDENT, v. LAURA L. DUNTON, OTHERWISE KNOWN AS LAURA L. LOVETT, APPELLANT.

*Order denying motion to require plaintiff to separately number causes of action, and to strike allegations therefrom—when appealable.*

APPEAL by the defendant from an order of the Monroe Special Term of October, 1877, denying motions made by defendant for orders requiring the plaintiff to separately state and number the several causes of action alleged to be contained in the third count of the second amended complaint, and requiring the plaintiff to conform to an order made by Justice DWIGHT, May 2, 1877, and also to strike out certain allegations contained in his pleading  In November, 1876, a motion was made to strike out portions of plaintiff's complaint, which was denied, and the plaintiff was required to "serve a new complaint, separately stating and numbering the causes of action thereof, or as many of the causes of action as stated in the former complaint in this action as he intends to insist upon."    After service of that order, an amended complaint was served by the plaintiff.    Then a second motion was made before Justice RAWSON, and the motion to strike out certain portions of the complaint was denied; and that to make it more definite by separately stating and numbering the causes of

action therein set forth, was granted; and the order required the plaintiff within twenty days to serve an amended complaint, "separately stating and numbering the different causes of action thereof." Thereupon a second amended complaint was served. Whereupon the defendant gave notice of a third motion, which motion was heard by Justice Rawson October 29, 1877, and he granted the order appealed from, refusing to require the plaintiff to further number and separately state the causes of action in the complaint, and refused to strike out certain allegations from the complaint.

The court, at General Term, said: "It is claimed, in behalf of the respondent, that the order in question is not appealable, as it was made upon a motion addressed to the discretion of the court. In *Livermore* v. *Bainbridge*, decided by the Court of Appeals in 1874, and reported in 47 How. Pr., 354, it was held that no appeal lies to the Court of Appeals from an order of the General Term reviewing the *discretion* of the Special Term. That court, in the opinion of Andrews, J., asserts the jurisdiction of the General Term to review orders by the Special Term, in respect to matters resting in the discretion of the court which involve substantial rights and interests, and approves of the exercise of such jurisdiction; and the opinion also approves of the case of *The People* v. *N. Y. C. R. R. Co.* in 29 N. Y., 418. Andrews, J., adds: 'This jurisdiction is convenient, and is indeed essential to the proper administration of justice.'

"Again, in February, 1875, the Court of Appeals said, as to a matter resting in the discretion of the Supreme Court, that the discretion could not be reviewed in that court, unless the exercise of it had been so gross and excessive as to show *an abuse* of judicial discretion. (*De Llamosas* v. *De Llamosas*, 62 N. Y., 618.)

"In May, 1875, the General Term in the first department held that an order refusing to strike out allegations as irrelevant, was appealable, and Justice Brady, who delivered the opinion, said : 'There are, however, it may be said, few questions of practice which, under the existing decisions relating to that subject, may not be presented to the General Term for consideration." (*Pacific Mail Steamship Co.* v. *Irwin*, 67 Barb., 280.) In 1876 the question was presented to the General Term of the third department, and it held that the power of review existed and

could be exercised by the General Term as to motions to strike out. (*Town of Essex* v. *The N. Y. & C. R.R. Co.*, 8 Hun, 361.)

In *Field* v. *Stewart* (8 Abb. [N. S.], 198), the Superior Court of New York, upon an appeal from an order made at Special Term denying a motion of the defendants to compel the plaintiff to make his complaint more definite and certain, to state, two causes of action alleged to be contained in one count, separately, and to number the same and to strike out irrelevant and redundant matter therefrom, held, the motion was addressed to the discretion of the Special Term, and refused to review it. That case was decided in 1870, and the case must be considered as in conflict with the later cases cited (*supra*). (S. C. reported, 41 How., 95.)

The respondent cites *Geis* v. *Loew* (15 Abb. [N. S.], 94), decided in 1873 by the Superior Court of New York, holding that an order compelling a party to make his pleading more definite and certain is not appealable. That case was not followed by the General Term of the first department in 1874, when the case of *Jeffras* v. *McKillop & Sprague Co.* (reported, 2 Hun, 353) was decided by LAWRENCE, DAVIS and DANIELS, JJ. That was an appeal from an order denying a motion to strike out a portion of the defendant's answer as irrelevant and redundant. LAWRENCE, J., says, in considering and concluding, that such an order is appealable, viz: 'I think that the decisions of the Court of Appeals in the very recent cases of *Livermore* v. *Bainbridge* (47 How., p. 354), and in *Gray* v. *Fish*, have settled definitely that, even in cases where the motion is addressed to the discretion of the justice at the Special Term, an appeal lies to the General Term; and that in such case ,if the justice decides wrongly in the first instance, it is not only the right but the duty of the General Term to correct his error.' The same rule was adopted by the General Term in the fifth district in *Winslow* v. *Ferguson* (1 Lans., 437), opinion by MULLIN, J.

" The conclusion is reached that the General Term has jurisdiction, and may entertain the appeal from the order of Justice RAWSON of October, 1877."

*Charles McLouth*, for the appellant.    *S. N. McIntyre*, for the respondent.

Opinion by HARDIN, J.; TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed, with ten dollars costs and disbursements.